UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES D. COPELAND, ) | CASE NO. 4:15 CV 1653 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On August 18, 2015, Plaintiff *pro se* Charles D. Copeland filed this *in forma pauperis* action against Defendants State of Ohio and Trumbull County Family Court. While the Complaint is unclear, Plaintiff appears to allege he helped raise the child of a friend with whom he lived, but that now he has not been permitted to visit the child. Plaintiff asserts violation of the Fifth and Fourteenth Amendments. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal* , 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Federal courts have traditionally deferred to the States in child custody matters.  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("[The] Court has customarily declined to intervene [in] the realm of domestic relations.  Long ago we observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' ")(citing *In re Burrus*, 136 U.S. 586, 593 (1890)); *see also Drewes v. Ilnicki*, 863 F.2d 469, 471-72 (6th Cir.1988) (Court declined to hear plaintiff's case, stating his complaint was a "mere pretense" for obtaining federal review of the underlying merits of a domestic relations dispute);  *In re Chatman*, 2007 WL 4365379 (S.D.Ohio Dec. 10, 2007) ("[C]hild custody is a state law matter.").

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, or even that there is an arguable basis for this Court's jurisdiction.  Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under 28 U.S.C. § 1915(e).  The Court certifies, pursuant to  28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                         */s/ John R. Adams*
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE
                                                    NORTHERN DISTRICT OF OHIO

Date:   September 9, 2015